## CHARLES KRUGER V. JOE SPACHEK ET AL.

### Decided December 20, 1899.

**1. Deposition of Party—Right to Introduce.**

A party to a suit may read in evidence his own deposition, taken by the opposite party, without notice, under the statute, but not offered in evidence by him.

**2. Liquor Dealer—Sale to Minor—Parents' Consent.**

In prosecution of a liquor dealer for selling to plaintiff's minor son, defendant may show, as tending to establish consent, that plaintiff had frequented and drank in other saloons with such minor.

**3. Impeachment of Witness—Indictment.**

A witness in a civil action can not be asked, on cross-examination, if he. had been indicted for theft.

**4. Same—Objection—Who May Urge.**

A party who offers a witness may object to improper questions, answers to which might affect his credibility.

**5. Unlawful Sale of Liquor—Proof of Time.**

In a suit upon a liquor dealer's bond for unlawful sale to a minor, plaintiff is not held in his proof to the date of sale alleged.

**6. Same—Person Aggrieved.**

"Person aggrieved," in the statute, is simply a designation of the class of persons entitled to sue, and evidence is not admissible to show that a parent suing for sale to his minor son was not "aggrieved" in fact.

APPEAL from the County Court of Lee. Tried below before Hon. J. H. BOWERS.

*Rector, Harris & Watson,* for appellant.

*W. O. Bowers* and *Brown, Lane & Garwood,* for appellees.

FISHER, CHIEF JUSTICE.—This is an action by the appellant against appellee Spachek and the sureties on his liquor dealer's bond for the penalty allowed by the statute for selling liquor to a minor and permitting the minor to remain in the liquor dealer's place of business. Verdict and judgment in the court below were in favor of the defendants.

Plaintiff's cause of action, as stated in his petition, is that the appellees violated the statute in selling liquors capable of producing intoxication to his minor son, and in permitting the minor to enter and remain in the place of business where the liquors were sold.

Previous to the trial of the case, the defendants propounded interrogatories to the plaintiff and took his depositions and answers thereto, under the statute which authorizes a party, without notice and service of copy of interrogatories, to take the depositions of his adversary. The depositions were taken and returned and filed as a part of the record in the case, but upon the trial were not introduced or offered in evidence by the defendant. The plaintiff at the time being absent and not in attend-

ance upon the trial, his attorneys offered the depositions in evidence, and upon objection interposed by the defendants, they were not permitted to be read to the jury.

The present statute on this subject is similar to the articles of the statute on the same subject, as stated in Oldham & White's Digest, which were in force at the time that the case of Hadley v. Upshaw, 27 Texas, 547, was decided. There the Supreme Court held that the party whose depositions were taken under this statute could offer and introduce them in evidence upon the trial of the case, and that this right did not depend upon the fact whether the interrogatories were crossed, or whether they had been previously offered in evidence by his adversary.

In the case of Love v. Koewne, 58 Texas, 197, it is in effect held that the statute upon this subject supersedes the right to a bill of discovery, as known to the equity practice. It is a familiar rule of equity practice that the responsive answer of the defendant is evidence for as well as against him. 1 Enc. Pl. and Prac., p. 910. The court erred in not permitting these depositions to be read.

We think the evidence which was objected to by the appellant, tending to show that he had frequented the saloons and drank with his minor son, was admissible. Its tendency was to establish the fact that he had no objection to his son's doing the acts that he now complains of; and might be considered for what it is worth, as tending to establish a tacit consent for him to frequent saloons and for liquor dealers to sell him intoxicating drinks. It may not be entitled to much force as tending to establish his consent to the acts complained of, but it is admissible for what it may be worth on that subject. The minor testified that his father had not prohibited him from frequenting saloons.

The court erred in permitting the defendants, upon cross-examination of the witness Neinast, to ask him the question and require him to answer, if he had been indicted for theft of cattle in Washington County. Of course this question, and the answer thereto was offered for the purpose of impairing the credibility of the witness. We think the rule laid down in Tipton v. Thompson, 21 Texas Civil Appeals, 143, and Boone v. Wethered, 23 Texas, 675, is opposed to the ruling of the court in admitting this testimony, and we think error was committed in this respect.

A party who offers a witness for the purpose of proving an issue by his testimony has the right to interpose objections to improper questions, the answers to which might affect the credibility of the witness. and thereby impair the weight to be given to the evidence that he relies upon to sustain his case. It is as much to the interest of a party to protect the credibility of the source from which his evidence comes from an unauthorizd attack upon it, as it is to insist upon the admission of the evidence from this source, as applicable and relevant to some issue in the case.

We think the objection to the charge as stated in the fourth assignment of error, is well taken. The plaintiff was not confined to the exact day on which the offense was alleged to have been committed.

It was error for the court to instruct the jury that the plaintiff could only recover in the event he was aggrieved by the acts complained of. He is of the class of persons mentioned in the statute who are entitled to the remedy upon an infraction of the law. This question has before been gone over by this court in the case of Tipton v. Thompson, 21 Texas Civil Appeals, 143, and this case, with the authorities there cited, is opposed to the charge of the court complained of.

The points contended for in the sixth and eighth assignments of error are not well taken. We do not mean that we regard the evidence sufficient or insufficient to support a finding in favor of the defendants, but we leave the question open to be disposed of upon another trial.

We have in effect ruled upon the question raised in the seventh assignment of error.

For the reasons stated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*