JONES v. TEXAS ELECTRIC RY.
(No. 8129.)

(Court of Civil Appeals of Texas. Dallas. Feb. 15, 1919. Rehearing Denied April 12, 1919.)

1. APPEAL AND ERROR ☞978(3)—NEW TRIAL ☞44(1) — MISCONDUCT OF JURY — DISCRETION OF COURT—REVIEW.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 2021, allowance of a new trial on account of misconduct of the jury is within the discretion of the trial court, which will not be reviewed except for abuse, notwithstanding the misconduct of the jury be proved.

2. NEW TRIAL ☞44(3)—MISCONDUCT OF JURY—DISCRETION OF TRIAL COURT.

In a railroad employé's action for personal injuries, it was not an abuse of discretion for the court to refuse a new trial to plaintiff because statements were made in the jury room

before a verdict was arrived at that plaintiff's witness had been guilty of stealing cotton, but escaped conviction because the cotton was not worth $50, and that plaintiff, several years before the trial, had been convicted of ravishing a girl less than 15 years old.

3. APPEAL AND ERROR ☞722(1) — ASSIGNMENTS OF ERROR—SUFFICIENCY.

In view of Vernon's Sayles' Ann. Civ. St. 1914, art. 1612, providing that the assignments on motion for new trial shall constitute the assignments of error, an assignment of error is sufficient where it is a substantial, although not a literal, copy of the assignment in plaintiff's motion for new trial.

4. WITNESSES ☞345(2)—INJURIES TO SERVANT — EVIDENCE — IMPEACHMENT OF WITNESSES.

In a railroad employé's action for personal injuries, it was error to permit plaintiff's witness to be asked whether he had been prosecuted for stealing cotton.

5. APPEAL AND ERROR ☞231(3)—REVIEW—RESERVATION OF OBJECTIONS.

A bill of exceptions taken to the admission of testimony must show the ground of objection urged against admission, and, unless such objection is so shown, the ruling of the court will not be reviewed.

6. APPEAL AND ERROR ☞231(3) — RESERVATION OF OBJECTIONS — ADMISSION OF EVIDENCE.

Where testimony admitted is wholly irrelevant and immaterial to any issue in the case and inadmissible upon any theory, the court's action in admitting it will be reviewed notwithstanding absence of objection on a specific ground.

7. APPEAL AND ERROR ☞1048(5)—REVIEW—CURE OF ERROR.

In a railroad employé's action for personal injuries, where plaintiff's witness was asked if he had been prosecuted for stealing cotton, that he answered he had, but had been acquitted, did not cure the error.

8. APPEAL AND ERROR ☞301—ASSIGNMENTS OF ERROR — ASSIGNMENTS NOT IN MOTION FOR NEW TRIAL.

An assignment of error not found in the motion for a new trial cannot be considered.

9. NEGLIGENCE ☞136(9) — QUESTIONS FOR JURY—SUFFICIENCY OF EVIDENCE.

To authorize the court to take from the jury the question of actionable negligence, the evidence must be of such a character that there is no room for ordinary minds to differ as to the conclusion to be drawn from it.

Error from District Court, Hill County; Horton B. Porter, Judge.

Action by P. J. Jones against the Texas Electric Railway. Judgment for defendant, a new trial was denied, and plaintiff brings error. Reversed and remanded.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Templeton, Beall, Williams & Callaway, of Dallas, and J. J. Averitte and Wear & Frazier, all of Hillsboro, for appellant.

J. Webb Stollenwerck, of Hillsboro, for appellee.

TALBOT, J. The plaintiff in error, hereinafter referred to as plaintiff, sued the defendant in error, hereinafter designated as defendant, to recover damages on account of personal injuries alleged to have been received as the result of the negligence of the defendant. The plaintiff alleged, in substance, that he was in the employ of the defendant as a section hand, with E. G. Gibson as foreman; that it was necessary in the discharge of his duties to go from one point of the section, upon which he was at work, to another; that defendant operated upon its railway tracks a car propelled by gasoline to carry the section hands to and from their work; that on the 16th day of May, 1917, while plaintiff was discharging his duties, the said Gibson, while acting within the scope of his authority, ordered plaintiff to push said car so it would ignite the gasoline and cause the car to run, and while plaintiff was doing as instructed, or as it was his duty to do, and while walking or trotting along by the side of said car on the rough ends of the cross-ties, and after said car had begun moving from the explosion of the gasoline, the foreman, Gibson, ordered plaintiff to jump aboard said car, or that plaintiff did try to jump aboard said car as it was his duty to do, but before plaintiff could get aboard of said car the said Gibson (section foreman) on account of the negligent manner he had of operating and controlling said car caused said car to give a sudden jerk forward and backward, and without ordinary care toward this plaintiff accelerated the speed of said car while the plaintiff was trying to board said car, and while said foreman knew he was trying to board it, or could have known it by the use of ordinary diligence; that the said car had no handholds on same, as was essential to its proper construction for the safety of those using it; that in the absence of handholds plaintiff took hold of a smooth plank of said car, and while engaged in pushing the car, and while holding to said plank, all of which the foreman knew or could have known by the use of ordinary diligence, the said foreman caused the car to jerk so violently that it caused him to lose his hold and to lose his balance and to stumble and fall, or to be thrown, in front of the car across the track; that as a result of being thus thrown across the track the car passed over his right leg, foot, and ankle so bruising, crushing and lacerating them that the injury thereto will be permanent. Plaintiff further alleged, in substance, that the foreman operating the car discovered plaintiff's perilous position after he had fallen, or was thrown across the track, and failed to exercise the degree of care required of him by law to stop the car and avoid injuring him, but, on the contrary, did not stop, or attempt to stop, the car until it had run over his leg, foot, and ankle. The defendant answered by a general denial, pleas of contributory negligence and assumed risk. The case was tried before a jury, and the trial resulted in a verdict and judgment in favor of the defendant. The plaintiff filed a motion for a new trial, which was overruled, and he prosecuted this writ of error.

The first assignment of error is as follows:

"Because the verdict of the jury is not supported by the evidence in this case, and was rendered against plaintiff in error for the reason that the jury considered testimony, when they were in the jury room and before they arrived at a verdict, that was material and not a part of the testimony that was introduced in the case, but was extraneous matter that the jurors volunteered before they arrived at a verdict, and after the court had read his charge to the jury, and after argument had been made by counsel."

Plaintiff contends that the statements made in the jury room, and to which the assignment of error relates, are to the effect that Bob Rowland, a witness introduced by the plaintiff, was guilty of stealing cotton, and that the only reason he was not convicted upon trial therefor was because the cotton was not worth $50, and that plaintiff several years prior to the trial of this case was convicted of ravishing a girl under 15 years of age. This matter was presented to the trial court in plaintiff's motion for a new trial, and full investigation of it made. All of the jurors who served in the trial of the case were examined, and the effect of each one's testimony is that while some such statements as those charged by plaintiff were made in the jury room, they were not considered by him, and did not influence him in arriving at a verdict. Each juror testified that he was unable to say whether the statements referred to were made before or after the verdict rendered was agreed upon. Some of them stated positively on direct examination that they were made after the jury had arrived at the conclusion that the evidence failed to show that plaintiff's injuries were the result of negligence on the part of the defendant and that their verdict should be for defendant, but, upon cross-examination each said, in effect, that he could not be certain that it was after the verdict had been reached and not before. On the other hand, some of the jurors said that in their judgment or according to their best recollection the statements were made before the verdict was agreed upon, but that they could not be positive as to that.

[1] It cannot be denied that if the statements in question were made before the jury arrived at their verdict they were highly calculated to injure the rights of the plaintiff, and a new trial should have been awarded him. Indeed, it would be difficult to conceive

of anything that could have been said in the jury room before a verdict was reached that would have been more damaging or prejudicial to the rights of the plaintiff. But under article 2021 Vernon's Sayles' Civil Statutes and the decisions of our Supreme Court construing that article, it is too well established for argument that, even though the alleged misconduct of the jury be proven, or the testimony received, or the communication made be material, the granting of a motion for a new trial on account thereof is a matter within the discretion of the trial court, and that in case such motion is overruled, an appellate court is not authorized to disturb the court's ruling, unless it clearly appears that there has been an abuse of such discretion.

[2] A review at this time of the cases in which the rule stated has been announced would serve no useful purpose, and for that reason a discussion of them will be pretermitted. It is sufficient to say they are binding upon this court whether we do or do not, in view of the facts in some of them, agree that the proper conclusion was reached. No matter what our action might have been upon the plaintiff's motion for a new trial in this case, based upon the objectionable statements and communications made after the jury retired to consider their verdict we are not prepared to say that it is manifest or clear from the evidence that the trial court abused its discretion in the matter.

[3] The second assignment of error in the brief complains of the admission of testimony. A consideration of this assignment of error is objected to on the ground that it is not a copy of the assignment contained in plaintiff's motion for a new trial. The objection is not, we believe, well taken, and will be overruled. The assignment in the brief is not a literal copy of the one it purports to be, but we think it is a substantial copy thereof. It is sufficient to direct the attention of the court to the error complained of. Aricle 1612, Vernon's Sayles' Civil Statutes. The bill of exception reserved to the ruling complained of shows the following: Plaintiff introduced the witness Bob Rowland, and on cross-examination by the defendant's counsel he was asked this question: "You have been convicted in this court, haven't you, for stealing?" Plaintiff objected to the question "because he is not guilty of anything until he is convicted." The court sustained the objection, and the defendant excepted on the ground that the answer, which it expected the witness to make to the question, was admissible for the purpose of affecting his credibility. Thereupon the court announced that he would allow the question for that purpose, to which ruling the plaintiff excepted. Without an answer to that question, however, the defendant's counsel propounded to the witness the following question: "You have been prosecuted in this court for stealing cotton?" To which the witness replied: "I have been tried in this court for stealing cotton, but came clear." Immediately following this answer of the witness the bill of exceptions reads thus:

"To which question of the court in admitting said testimony that the witness had been charged in this court with stealing cotton plaintiff then and there excepted, and here now in open court tenders this his bill of exception, in writing, and prays that the same may be examined, signed, and approved by the court and ordered filed as a part of the record in this case."

[4] The assignment of error should be sustained. It is well settled by decisions of this state that it is error to permit a witness to be asked, and to require him to answer, whether or not he has been indicted or prosecuted for a crime. Boon v. Weathered's Adm'r, 23 Tex. 675; Railway Co. v. Johnson, 83 Tex. 628, 19 S. W. 151; Freedman v. Bonner, 40 S. W. 47; Railway Co. v. Norris, 41 S. W. 708; Kruger v. Spachek, 22 Tex. Civ. App. 307, 54 S. W. 295; Crawleigh v. Railway Co., 28 Tex. Civ. App. 260, 67 S. W. 140. In the case of Carroll v. State, 32 Tex. Cr. R. 431, 24 S. W. 100, 40 Am. St. Rep. 786, the Court of Criminal Appeals of this state held that, for the purpose of impeaching a witness, he can be required to testify that he is under indictment for embezzlement; and a like decision was rendered by the Court of Civil Appeals for the Second District, in the case of Texas & Pacific Coal Co. v. Lawson, 10 Tex. Civ. App. 491, 31 S. W. 843. This court, in the case of Hills v. Dons, 37 S. W. 638, refused to follow the last-named cases, for the reason, as announced in the opinion, that our Supreme Court had refused to subscribe to the doctrine therein announced. The general rule upon the subject is that the credit of a witness can be impeached by general evidence only, and not by evidence as to particular facts. Boon v. Weathered's Adm'r, supra, and authorities therein cited. The reason given for the rule, which is sound, is "that a man may be supposed ready at all times to defend his general reputation but not to answer accusations which relate to particular facts," and for the additional reason "that a court cannot turn aside from the main inquiry to try collateral issues."

[5] The authorities cited in support of the general rule announced includes cases in which the witness was asked whether or not he had been indicted for embezzlement, or perjury, or theft, or burglary, and in each it was held that the witness could not be impeached in that way. The rule is so thoroughly established by decisions of this state that further pursuit of the subject in this opinion would be a waste of time. But the defendant insists, in effect, that since the bill of exceptions taken to the action of the court in permitting the question "You have been prosecuted in this court for stealing cotton?" fails to show that any objection whatever was interposed to the question, upon the ground

that the same was improper and the answer inadmissible for the purpose of impeaching the witness, this court should hold that such objection was waived and that a reversal of the case cannot be predicated upon the admission of the testimony; and, further, that since the witness answered that he had been acquitted of the charge no injury is shown. The bill of exceptions does not show that any special objection was made to the question, and it is unquestionably the general rule in this state that a bill of exceptions taken to the admission of testimony must show the ground of objection urged against its admission, and that unless such objection is so shown the ruling of the court will not be reviewed.

[6] But we understand there is an exception to this general rule, which is that where the testimony admitted is wholly irrelevant and immaterial to any issue in the case and inadmissible upon any theory the court's action will be reviewed. The bill of exceptions is very imperfect, but it does point out the testimony introduced, and that the plaintiff objected to its admission. There is no theory whatever upon which the testimony was admissible. It was inadmissible for any purpose, and a general objection to its admissibility without specifying any particular ground of objection is sufficient, we think, to require a review of the court's action in allowing it. Indeed, the mere asking the question was calculated to injuriously affect the rights of the plaintiff. In Railway Co. v. Norris, supra, it was held that the trial court erred in allowing the plaintiff therein, in cross-examining a witness, to prove that the witness had been acquitted of the charge of carrying a pistol on the ground that he did not know it was wrong to do so. In Waller v. Leonard, 89 Tex. 507, 35 S. W. 1045, it is held, in effect, that a general objection to the question propounded is good if the question is not calculated to elicit competent and material testimony. In the present instance the question was not only not calculated to elicit competent and material testimony, but could elicit only incompetent and immaterial testimony.

[7] Should the contentions of the defendant that, as the witness answered that he had been acquitted of the charge of stealing cotton, no injury resulted to plaintiff by the admission of the testimony be upheld? We think not. Bob Rowland, to whom the objectionable question was put, was an employé on the car in question with the plaintiff at the time the accident occurred, and was an important witness for him. The purpose of the question was to impeach the credibility of the witness, and, notwithstanding his answer thereto was, "I have been tried in this court

for stealing cotton but came clear," the inference, aside from the presumption that might otherwise obtain, is warranted from the record before us that the persons who tried his case, or some of them, did not believe him innocent, and probably discarded his testimony. It is practically undisputed, as shown in our discussion of the first assignment of error, that the fact that the witness had been prosecuted for stealing cotton was discussed in the jury room, and the statement made by one of the jurors that the reason the witness was not convicted of the charge of stealing cotton was because the cotton was not worth $50. This implied and conveyed to the jurors who heard the statement the idea that the witness was guilty of theft, although he escaped punishment, and indicates that the testimony required of him and to the admission of which plaintiff objected, had the effect it was intended to have, and was therefore decidedly harmful to the plaintiff.

[8] The third assignment of error is not found in the motion for a new trial, and cannot be considered. Where the appellant or plaintiff in error files a motion for a new trial in the court below, the errors assigned in such motion constitute his assignments of error in this court, and he is confined to the grounds of error set up in the motion, except when the error complained of is "apparent on the face of the record." Zmek v. Dryer, 174 S. W. 659.

[9] The defendant has filed a cross-assignment of error in which he asserts that the trial court erred in refusing to give a special charge requested by him, directing the jury to return a verdict in his favor. It is said that the court erred in refusing to give this charge because the evidence failed to show that the defendant was guilty of any negligence which proximately resulted in the accident and plaintiff's injury. This assignment must be overruled. We would not be warranted to hold that the evidence conclusively established that defendant was not guilty of actionable negligence. "To authorize the court to take the question from the jury the evidence must be of such a character that there is no room for ordinary minds to differ as to the conclusion to be drawn from it." In our judgment the evidence in this case relating to the question of negligence on the part of the defendant was not of such a character. We, of course, express no opinion as to the weight of the evidence, but simply hold that it was sufficient to take the case to the jury for their determination of the question of negligence.

For the error indicated, the judgment of the district court is reversed, and the cause remanded.

Reversed and remanded.