**TUNNELL et al. v. VAN SCHOOL DIST. NO. 53 et al.**

**No. 12815.**

Court of Civil Appeals of Texas. Dallas.
May 13, 1939.

Rehearing Denied June 17, 1939.

Crawford & Fletcher, of Grand Saline, and Prentice Wilson, of Dallas, for appellants.

Storey, Sanders, Sherrill & Armstrong, of Dallas, for appellees.

YOUNG, Justice.

This record is substantially the same as on former appeal; plaintiffs, G. W. Swindall, his wife, and original defendant R. L. Wells, being now deceased, their heirs were properly substituted in fifth amended original petition filed September 9, 1935. A statement of the case and pertinent issues, for which remand was ordered, are fully set forth in Swindall et ux. v. Van School District, Tex.Civ.App., 37 S.W.2d 1094; Pure Oil Co. v. Swindall, Tex.Com.App., 58 S.W.2d 7. On first appeal, the judgment of the trial court was reversed and remanded as to defendant R. L. Wells only, hence, the same issues are here presented between the original parties and their successors, under the law of the case as declared in the two above decisions. Suit of substitute plaintiffs involved the cancellation, for alleged fraud and deception, of a deed executed by G. W. Swindall February 22, 1924, conveying an acre of land for school purposes to the Trustees of Van School District No. 53; also to cancel a deed executed by the school authorities February 21, 1924, conveying the same land to R. L. Wells; removing said instruments as cloud upon the title and recovery of title and possession thereof. The defenses of substitute defendants were: Innocent purchaser for value, without notice; the three, four, five and ten-year statute of limitations; negligence of G. W. Swindall in not ascertaining the true nature of the instrument of February 22, 1924, before signing; waiver and estoppel.

The jury issues and answers on retrial (omitting formal parts and Nos. 10 and 11, which were not answered because of negative answer to Issue 9) were:

"1. Do you find from a preponderance of the evidence that the first and second deeds executed by G. W. Swindall and wife to the land in controversy for the use and benefit of Van School District (and lost without being placed of record) contained a provision that the title to said land would revert to them or their heirs in the event said school district ceased to use the same for school purposes? Answer Yes or No. Answer: Yes.

"2. Do you find from a preponderance of the evidence that representations were made to G. W. Swindall at the time he executed the deed dated February 22, 1924, that it contained the same provisions as the two lost deeds formerly executed by him to the land in controversy? Answer Yes or No. Answer: Yes.

"3. Do you find from a preponderance of the evidence that the representations, if any, made to G. W. Swindall that the deed dated February 22, 1924, contained the same provisions as the two deeds formerly executed by him and lost without being placed of record, were false? Answer Yes or No. Answer: Yes.

"4. Do you find from a preponderance of the evidence that G. W. Swindall was induced to execute the deed dated February 22, 1924, by representations then made to him, if any were so made, that it contained the same provisions as the two deeds, lost without being placed of record, formerly executed by him? Answer Yes or No. Answer: Yes.

"5. Do you find from a preponderance of the evidence that G. W. Swindall knew, or by the exercise of ordinary diligence could have known, that the deed executed by him, dated February 22, 1924, did not contain a provision, that the title to the land in controversy would revert to him or his heirs in the event Van School District ceas-

ed to use the same for school purposes, for a period of more than four years prior to the filing of this suit on March 22, 1930? Answer Yes or No. Answer: No.

"6. Do you find from a preponderance of the evidence that G. W. Swindall knew, or by the exercise of ordinary diligence could have known, that the Trustees of Van School District had executed a deed to the land in controversy to R. L. Wells, for a period of more than four years prior to the filing of this suit on March 22, 1930? Answer Yes or No. Answer: No.

"7. Do you find from a preponderance of the evidence that G. W. Swindall, or his attorney, was guilty of negligence in failing to have a provision incorporated in the deed dated February 22, 1924, providing that the title to the land in controversy would revert to him or his heirs in the event Van School District ceased to use the same for school purposes? Answer Yes or No. Answer: Yes.

"If you have answered Special Issue No. 7 'Yes', and in that event only, then you will answer:

"8. Do you find from a preponderance of the evidence that the negligence of G. W. Swindall or his attorney, if any you have so found, in failing to have incorporated in the deed dated February 22, 1924, a provision that the title to the land in controversy would revert to him or his heirs in the event Van School District ceased to use the same for school purposes, induced R. L. Wells to become the purchaser thereof? Answer Yes or No. Answer: Yes.

"9. Do you find from a preponderance of the evidence that the provisions of the deed executed by G. W. Swindall, dated February 22, 1924, were explained to him at or prior to the time he executed the same? Answer Yes or No. Answer: No.

\* \* \* \* \* \*

"12. Do you find from a preponderance of the evidence that G. W. Swindall knew or by the exercise of ordinary diligence could have known, for a period of more than four years, after the execution of the deed dated February 22, 1924, and prior to the filing of this suit on March 22, 1930, that Van School District had ceased to use the land in controversy for school purposes? Answer Yes or No. Answer: Yes.

"13. Do you find from a preponderance of the evidence that G. W. Swindall knew or could have known by the use of or-dinary diligence, that R. L. Wells or his tenants were privately using, possessing and claiming title to the land in controversy for a period of more than four years after the execution of the deed dated February 22, 1924, and prior to the filing of this suit on March 22, 1930? Answer Yes or No. Answer: Yes."

■■ Both parties moved for judgment on the above jury verdict, the motion of defendants being sustained, and final order accordingly entered that plaintiffs take nothing, followed by this appeal. The former opinion of this Court, as announced by Justice Looney (37 S.W.2d 1094), suggested certain jury questions as between the Swindalls and defendant Wells, the Commission of Appeals approving our conclusions on this phase of the litigation. The court's charge and issues above properly presented the fact questions involving the rights and claims of the respective parties in conformity to aforesaid decisions and should finally dispose of this case, provided appellants' assignments and propositions are not maintainable. The jury found that Mr. Swindall signed the last deed to the School District while ignorant of its contents through inability to read and because of fraud and misrepresentations, yet, that he was negligent in failing to have a provision incorporated in the instrument, providing that the title to the land in controversy would revert to him or his heirs in event the District ceased to use the same for school purposes (Issue 7); and that such negligence induced defendant Wells to become the purchaser thereof (Issue 8). The issues just mentioned are proper defenses in cases of this character, if sufficiently plead and sustained by testimony of probative force. Plaintiffs' objections to said Issues 7 and 8, at the time of trial, were that they were not supported by any evidence of probative value; that Issue 7 was immaterial, and, as to Issue 8, that Mr. Wells positively declared that he did not rely upon anything that Swindall did, or upon the deed that such grantor executed to the School District; but, on the other hand, relied upon his own judgment and bought a mere chance of title, or such title as the District might have. Plaintiffs enlarged upon their particular objections in amended motion for new trial, by urging that evidence was insufficient to support either issue, and, further, that question No. 7 involved an evidentiary matter—not an ultimate fact—and, if proper, was insufficient to form the basis of an estoppel

against plaintiffs. And in their brief, appellants, for the first time, urged the failure of defendants to plead such character of estoppel as would defeat plaintiffs' right of cancellation, in that, there was nowhere alleged that Wells relied solely and 'to his injury upon the particular deed as written. According to the statuté, Art. 2185, all objections not made prior to submission of the charge to the jury, are considered as waived. The rule would certainly apply to an objection to the court's charge, first made on appeal. Lancaster v. Fitch, 112 Tex. 293, 246 S.W. 1015. At any rate, plaintiffs' main attack upon the judgment against them is the lack of evidence to justify affirmative answers to defendants' issues above mentioned and the adverse judgment obviously based thereon. The effect of Issues 11 and 12, to which the jury returned further answers favorable to defendants, and plaintiffs' objections thereto, as shown in appropriate propositions, will be later discussed.

■ Only facts tending to support jury findings will be considered when the testimony is assailed as wanting or insufficient; Dallas R. Co. v. Hallum, Tex.Civ.App., 276 S.W. 460, writ refused; and the Appellate Court will not be concerned in the weight or preponderance of the evidence, but will confine its examination only to whether there be any evidence or issuable facts in support of the particular findings. Acts or omissions of a party, constituting negligence, are ordinarily jury questions in Texas, and it is the exceptional case where such are issues of law; Hooks v. Orton, Tex.Civ.App., 30 S.W.2d 681; Dallas Ry. & Terminal Co. v. Travis, Tex.Civ. App., 46 S.W.2d 743, affirmed, 125 Tex. 11, 78 S.W.2d 941; and to authorize the court in taking a matter of negligence from the jury, the evidence must be such that reasonable minds cannot differ. Jones v. Texas Electric Ry., Tex.Civ.App., 210 S.W. 749. Under the uniform test just stated, it is unnecessary to detail the testimony or circumstances of this record, to conclude that Issue 7 was properly for the jury's determination. Indisputably, the Swindalls had known for some time prior to February 22, 1924, that the property was not used for school purposes. There were no facts visiting upon R. L. Wells, the beneficiary, guilty knowledge or notice of the proven fraud upon Mr. Swindall, as reflected in previous findings. The deed in controversy was signed in the office of plaintiffs' attorney, after a proviso had been inserted as to another legal feature at the instance of plaintiffs' representative; and, at the time of its signing, there was no evidence that anyone prevented the deed from being explained or read to Mr. Swindall. Whether or not he was negligent in signing the deed, under all the facts and circumstances, was clearly a jury question. Chatham v. Jones, 69 Tex. 744, 7 S.W. 600.

■ As to Issue 8, we think the evidence was sufficient to authorize the finding of inducement. While it is true that the testimony of Mr. Wells was susceptible of a finding either way, yet, it is fairly inferable from the record that all parties to the Wells deed understood that a companion deed from Mr. Swindall was essential before the warranty conveyance could be executed by the school trustees; and that Wells did not pay for the property until he was assured that a third deed from Mr. Swindall had been secured. His testimony is quoted, in part:

"I told the school folks that if they would give me a warranty deed, I was ready to trade with them. I think I knew the school trustees personally at that time—that is, the ones who dealt with me. Yes, I knew Mr. Swain personally. I know Mr. White personally; they are the ones who made the trade with me; I said I left it to them to fix up the deeds. Yes, I believed what those men told me there at that time about getting deeds to this property; they said they were sure (?) the old deed had been lost and they would go and see him and see if he would make a new deed in lieu of the one that was lost; they came back and reported to me that they had seen him, and they told me Mr. Swindall said that he had given it once and that he would give it again". .

"Yes, he gave a deed at that time. I paid my consideration when the trustees brought my deed from Mr. Swindall, then I paid for it. Yes, it is correct that Mr. Swindall had executed the deed before I paid for the property."

\*      \*      \*      \*      \*      \*

"At that time, when we were negotiating this trade, nobody supposed to speak for Mr. Swindall told me anything about his claim against this property; up to that time, I had never heard of any claim he had against the property. I first heard of his claim when this suit was filed. *If I had heard of it at that time, I would not have made the trade.*" (italics ours).

■ ' The fact that other testimony of Wells may be inconsistent with the above statements does not take from the whole of his testimony its probative force as regards the construction the jury decided to place upon it. It is for that fact-finding body to reconcile such inconsistencies. Norwich Union Indemnity Co. v. Wilson, Tex. Civ.App., 17 S.W.2d 68, 76; Austin Fire Ins. Co. v. Adams-Childers Co., Tex.Com. App., 246 S.W. 365.

■ The issues just discussed, of course, involve an estoppel by negligence and appellants emphasize the proposition that defendants' pleadings are wholly insufficient as a basis for the particular estoppel that the jury found to exist. This defensive plea was not excepted to for insufficiency, and by reasonable intendment could only refer to defendant Wells, or those succeeding to his rights after his demise, for, upon this trial, no others are parties defendant. Moreover, the general averment of estoppel is sufficient, unless excepted to, being expressive of acts and omissions of such character as to mislead another to his damage; it not being necessary, we think, for defendant to allege a sole reliance upon plaintiffs' negligence as asserted and proven. Stewart v. Crosby, Tex.Civ.App., 26 S.W. 651, affirmed 87 Tex. 443, 29 S.W. 380.

■ Turning to a study of Issues 12 and 13, considering all findings of the jury together, harmonizing and reconciling them, one with another, as is our duty, it may be that these issues are evidentiary and incomplete; not comprehending the material facts of knowledge sufficient to toll the four-year statute of limitation. In other words, it is doubtful if the facts embraced in Issues 12 and 13, which the jury found were known to Mr. Swindall for more than four years prior to filing suit, are, in fact, sufficient to charge him with notice of all the material elements forming the basis of the 1924 fraud; Deaton v. Rush, 113 Tex. 176, 252 S.W. 1025–1030; especially in view of the prior jury answers that plaintiff did not know, and by the exercise of ordinary diligence could not have known, that the last deed executed by him failed to contain the clause for reverter during the period stated; and that the same plaintiff likewise did not know, and in exercise of due diligence could not have known, of the deed from the trustees to R. L. Wells, for more than four years prior to filing suit. If such should be our conclusion, however, it would not affect defendants' judgment here appealed from, which we believe should be affirmed under the preceding jury findings of estoppel by negligence, already discussed.

■ Issues 12 and 13 may be inconclusive and incomplete for another reason. On former appeal was stated the uniform rule that [37 S.W.2d 1098]. "The statute of limitation will not begin to run in cases involving fraud, until it is discovered, or, by the use of reasonable diligence, could have been discovered" (citing cases). And it is equally well settled that "Actual knowledge of the fraud is not required; reasonable prudence must be exercised to discover the fraud, and knowledge of acts sufficient to put one upon inquiry will operate as notice of the fraud." Carver v. Moore, Tex.Com.App., 288 S.W. 156, 158. Now, in view of the above principles, and the verdict as a whole, did the knowledge embodied in these issues place plaintiff Swindall in a state of inquiry; i. e., was the knowledge of such facts sufficient to have led a reasonably prudent man to discover the fraud in question? We think not, as a matter of law. Hence, an additional issue was necessary, in substance as outlined, for the trial court to have utilized said findings, if favorable to defendants, in bar of plaintiffs' claims by way of limitation.

Finding no reversible error in this record, the judgment of the district court is, in all things, affirmed.

Affirmed.