**SINCLAIR REFINING COMPANY,**
Appellant,

v.

**Clark Virgil WINDER, Appellee.**

No. 3773.

Court of Civil Appeals of Texas.

Waco.

Nov. 10, 1960.

Rehearing Denied Dec. 1, 1960.

James W. Yancy, Jr., Sam L. Sterrett, Jr., Houston, for appellant.

Saub, Walker & Hammond, Houston, for appellee.

**504**

WILSON, Justice.

Plaintiff alleged he was employed by a railroad engaged in switching operations on appellant's premises, when he stepped on a pile of slag on appellant's tracks; that he fell on the track and a car rolled over his finger. Defendant's pleading was a general denial.

Plaintiff admitted, and the jury found, that he knew of the unsafe condition of the track. The jury found defendant's negligence in maintaining the pile of slag was a proximate cause of his damages. We think the record establishes as a matter of law that the condition was open, obvious, and known to both parties. Appellant says it was therefore entitled to judgment. Appellee contends that since there was evidence to establish that at the time of his injury he was attempting to halt unattended cars rolling downhill under a humanitarian impulse to prevent injury to workers who were unaware of the danger, the doctrine of volenti non fit injuria should not apply.

Whether there is a duty on the owner of premises to take precautions against injury to an invitee from dangers of which the latter is aware, depends on whether the invitee "voluntarily encounters" the dangerous condition "of his own free will and as a result of intelligent choice." In determining the owner's duty, the conduct of the invitee must be looked to. The owner's knowledge and appreciation is only the initial inquiry. If this is established, knowledge and appreciation by the invitee must be shown. There yet remains the issue as to whether the invitee voluntarily exposed himself to the danger known and appreciated by him. "Even if voluntary exposure to risk be not pleaded as a defense, the duty question would still be present," but the qualification to the general rule of the owner's duty "exists only when the invitee, confronted with * * * a condition of which he knows, containing dangers which he appreciates, *voluntarily* encounters them." McKee v. Patterson, 153 Tex. 517, 271 S.W.2d 391, 394.

We have a situation in which both parties knew and appreciated the dangerous condition, but in which there is a question of fact as to whether the invitee "of his own free will and as a result of intelligent choice", voluntarily exposed himself thereto. This issue was omitted without request or objection. There was evidence to support a finding thereon favorable to appellee. Under Rule 279, Texas Rules of Civil Procedure, it is deemed as found in support of the judgment. Dee v. Parish, Tex.Sup., 327 S.W.2d 449, 452.

All points are overruled. The judgment is affirmed.