GENELL, INC., Appellant,

v.

Rory FLYNN et al., Appellees.

No. 7309.

Court of Civil Appeals of Texas.

Texarkana.

April 25, 1961.

Rehearing Denied July 11, 1961.

James A. Williams of Bailey & Williams, Dallas, for appellant.

Woodruff, Hill & Bader, Dallas, for appellees.

FANNING, Justice.

Rory Flynn, a minor, and her father and next friend, Charles H. Flynn, sued Genell, Inc., operator of an apartment building, for personal injuries sustained by the minor girl (who was 7 years of age at the time of her injuries) when the minor was attempting to open a difficult opening door to the building at the foot of a stairway which contained a narrow landing space. The child, who occupied the status of an invitee, had previously opened the door on other occasions by standing on the second step of the stairway and by pushing and leaning her weight upon the door. On the occasion in question she came down the stairs after visiting a friend's apartment, and in attempting to open the door in question, leaned and pushed upon the glass portion of the door instead of the wooden portion of the door, and her hands and arms went through, breaking the glass panel, cutting her arms severely, severing the ulnar nerves, other nerves, also cutting her hands, and thereby received severe and permanent injuries.

The jury in response to the special issues submitted found in effect as follows: That defendant on the occasion in question maintained a glass that was loose in the frame of the door in question (issue 1–A), that same was not negligence (issue 1–B), and the proximate cause issue on this matter (issue 1–C) was not answered; that defendant maintained single strength glass in the door in question on the occasion in question (issue 1), that same was negligence (issue 2), but that same was not a proximate cause of the minor's injuries

(issue 3); that on the occasion in question defendant maintained an adjustment on the door closer that made the door in question difficult to open (issue 4), that the same was negligence (issue 5), and that such negligence was a proximate cause of the injuries, if any, sustained by Rory Flynn on the occasion in question (issue 6); the damage issues, Nos. 7 and 8, were answered $35,000.00 and $2,500.00 respectively; that Rory Flynn's pushing upon the glass of the door in question was not negligence (issue 9), and the proximate cause issue on this matter (issue 10) was not answered; that on the occasion in question Rory Flynn did not fail to keep a proper lookout for her safety as an ordinarily prudent child of her age, intelligence and capacity would have kept under the same or similar circumstances (issue 11), and the proximate cause issue on this matter (issue 12) was not answered; that Rory Flynn's attempt to open the door in question by leaning forward from the second step of the stair on the occasion was not negligence (issue 13), and the proximate cause issue on this matter (issue 14) was not answered; and that the occurrence in question was not the result of an unavoidable accident (issue 15). These 15 issues were all of the issues submitted by the trial court. No issue was requested or submitted inquiring as to whether the dangers of the door in question (if any) as located and situated under the evidence in this case, were not so open and apparent that the child, Rory Flynn, should have realized them. No issue was requested or submitted as to whether the minor invitee Rory Flynn "of her own free will and as a result of intelligent choice", voluntarily exposed herself to the dangers of the door in question, if any.

Appellant presents numerous points on appeal. Among other things, appellant contends that it was entitled to judgment as a matter of law, that the trial court erred in overruling its motion for instructed verdict, erred in submitting any issues to the jury, and erred in overruling its motion for judgment n. o. v. In this connection appellant contends in essence that under the undisputed evidence there was no negligence on the part of defendant, that there was "no duty" on defendant to maintain the door in any other manner than which it was maintained, that the condition of the door was open and obvious, and that any dangers connected therewith were so open and apparent that Rory Flynn should have realized them, that as a matter of law the injuries to the minor were not foreseeable, that the minor assumed the risk in question, that the minor was guilty of contributory negligence as a matter of law, and that under the doctrine of volenti non fit injuria defendant was entitled to judgment as a matter of law under the undisputed facts in the case. Appellant also contends that there was "no evidence", and "insufficient evidence" to support the jury's answers to special issues Nos. 4, 5, and 6, and that the answers of the jury to special issues Nos. 4, 5, and 6 were "so against the overwhelming weight and preponderance of the evidence as to be clearly wrong."

The apartment house where the injury occurred was managed and operated by defendant Genell, Inc.; there was ample testimony in the record to show that the door in question was especially difficult to open, which was well known to defendant, its agents and employees. Furthermore, it was undisputed that the glass portion of the door in question was weak, single strength "windowpane type" glass, and this was also well known by defendant, its agents and employees; furthermore, there was evidence that there was a great amount of breakage of this character of glass in the many apartments managed and controlled by defendant, requiring frequent replacements, all of which was well known by defendant, its agents and employees. The evidence also showed that when such breakage occurred defendant, its agents and employees, replaced such weak single strength glass with double strength glass. Pictures of the door and stairway in question are shown in the record, and a mock-

up replica of same has been presented to this court for viewing. The stair landing was narrow; the evidence was ample that the door was very difficult to open, and that it took quite a bit of force and weight to open it both for adults and children. It was of course more difficult for small children to open than adults; children who used the door usually stood on the second step of the stair in order to lean forward and push with their weight and strength against the door in order to open it. It was also well known to defendant, its agents and employees, that many small children lived in the numerous apartments operated by defendant. Rory Flynn had used this door before and had been taught by a girl playmate to stand on the second step of the stairway and push with her weight against this difficult opening door. At the trial Rory Flynn, among other things, testified to the effect that on the occasion in question when she got to the second step of the stairway from the bottom, she leaned over to push the door open, that when she pushed on the door she pushed on the glass, and her hands and arms went through the glass and her arms and hands were badly cut and severely injured, that she had no fear of pushing on the glass and did not think the glass would break if it was pushed on, and that there was no indication to her that the glass would not hold the weight of the door if she pushed on it to open the door, that she had never seen glass break when someone pushed on it, did not know the glass would break if pushed upon, and did not know that it was dangerous to push on the glass of a door, that she had seen people push on glass doors before and nothing happened to them, and she had no particular fear of glass at the time she pushed on the door, that she had pushed turning doors before and had to push on glass to get through them, but nothing happened to her then. There was no evidence in the record to the effect that Rory Flynn knew that the glass in the door was just single strength weak "windowpane type" glass. Her mother, Mrs. Flynn, among other things, also testified as to the difficulty of opening the door, stating that she found it necessary to use her shoulder, hip and whole body to open the door, that she had no knowledge of the strength of the glass in the door, but she would have anticipated it being of sufficient strength to withstand the opening of the door. Mr. Flynn, father of Rory, testified among other things to the effect that after the injury he tested the door and that it was hard to push open, that he could not look at the glass and tell its relative strength, that he had pushed on glass doors and never had one break, and did not anticipate having one break if you just pushed on it. Mr. O'Neal, a structural engineer, testified among other things in effect as follows: That he examined the premises involved in this case, that the minimum strength of glass that should have been placed in the door where the injury occurred was $\frac{3}{16}$ of an inch, that he would not use single strength glass, which is $\frac{3}{32}$ of an inch, because it was not strong, that he would not recommend single strength glass in any door anywhere, that the proximity of the stairs to the landing increased the hazard of danger, particularly with single strength glass in the door, that the door-closer would not latch, and the door was quite hard and more than normally hard to open, that the door-closer was adjusted so that it was heavy and difficult to open, and there was definitely something wrong with the door-closer, that the door had no glazing around the glass, but was held in by wood stops nailed to the frame, that good design would require putty or some such substance to be placed around the glass, that he would not recommend a door glass without putty in it because it would be a hazardous condition, as you would have a load applied to a point rather than uniformly applied around the perimeter, and that the landing was too narrow, which created a safety hazard.

■ As above related, at the trial the minor child, Rory Flynn, testified to facts which in essence would raise a fact question

that she did not know that the door was dangerous, and did not appreciate or know that it would be dangerous to push on the glass portion of the door in the manner that she did. Appellant at the trial offered in evidence portions of Rory Flynn's deposition testimony previously given which deposition testimony was inconsistent with her trial testimony on such matters. When confronted with this inconsistent deposition testimony Rory Flynn gave the explanation to the effect that she was confused when she gave such testimony at her deposition, that it was incorrect, and that her testimony that she was giving on the trial was the truth. It is well settled law that inconsistencies in the testimony of a witness are generally matters for the trier of the facts to determine or reconcile as stated in Tunnell v. Van School District No. 53, Tex. Civ.App., 129 S.W.2d 825, 829, err. dism. judgm. cor., as follows:

> "The fact that other testimony of Wells may be inconsistent with the above statements does not take from the whole of his testimony its probative force as regards the construction the jury decided to place upon it. It is for that fact-finding body to reconcile such inconsistencies. Norwich Union Indemnity Co. v. Wilson, Tex.Civ.App., 17 S.W.2d 68, 76; Austin Fire Ins. Co. v. Adams-Childers Co., Tex.Com. App., 246 S.W. 365."

Many of the cases cited by the parties are referred to in McKee v. Patterson, 153 Tex. 517, 271 S.W.2d 391, which case contains a full and comprehensive discussion of some of the legal problems involved here. The McKee case is authority for the following stated legal principles:

(1) In determining whether a landowner is liable to an invitee for injuries sustained on the premises, the duty of the landowner is frequently phrased as one "to exercise ordinary care to keep the premises in a reasonably safe condition so that the invitee will not be injured". But that is only a simplified statement of the duty subject to certain qualifications not there expressed. It is now well established in Texas that the duty as there expressed does not extend to those invitees who know or should know of the existence of the particular condition or should appreciate its dangers.

(2) The owner is charged with knowledge of any dangerous condition that a reasonable inspection would have revealed because his duty to keep his premises in a reasonably safe condition for use by his invitees includes a duty to inspect. There is no such duty on the invitee. While the invitee may not close his eyes to obvious dangers, he has a right to assume that the premises are safe for his use.

(3) In order to fix liability on the owner it must first be established that he knew or should have known of the existence of the condition and that he should have appreciated its dangers. Once this is established either as a matter of law or by a fact finding, the inquiry then turns to what was known and appreciated, or should have been known or appreciated by the invitee.

(4) In some cases the existence of the condition may be so open and obvious and the dangers inherent in it so apparent that we may say as a matter of law that the invitee should have known of and appreciated them.[1]

(5) In other cases whether the condition was so open and obvious and the dangers in it so apparent that the invitee should have known of them may be fact questions.[2]

(6) In determining liability, under the defense of voluntary exposure to risk, it is said that one cannot recover for in-

---

1. Houston Nat. Bank v. Adair, 146 Tex. 387. 207 S.W.2d 374; A. C. Burton Co. v. Stasny, Tex.Civ.App., 223 S.W.2d 310, wr. ref.; Crawford et al. v. Givens Bros., Tex.Civ.App., 318 S.W.2d 123, wr. ref.

2. Triangle Motors of Dallas v. Richmond, 152 Tex. 354, 258 S.W.2d 60; Hall v. Medical Bldg. of Houston, 151 Tex. 425, 251 S.W.2d 497; Blanks v. Southland Hotel, 149 Tex. 139, 229 S.W.2d 357.

juries sustained while voluntarily exposing himself to a danger which he either does or should fully realize and appreciate. McKee v. Patterson, supra.

McKee v. Patterson, supra (271 S.W.2d 391, 395), after stating the facts in that case and after enunciating various principles of law, states in part as follows:

"The issue here, then, is narrowed to this: When both parties had knowledge of the condition and appreciated the danger, did the defendant breach any duty it owed to the plaintiff? The qualification, above noted, to the general rule of duty to use ordinary care to protect invitees from injuries resulting from unsafe conditions, exists only when the invitee, confronted with the existence of a condition of which he knows, containing dangers which he appreciates, *voluntarily* encounters them; it must be done 'of his own free will and as a result of an "intelligent choice"'. Wood v. Kane Boiler Works, 150 Tex. 191, 238 S.W.2d 172, 174, 178."

In the recent case of Sinclair Refining Company v. Winder, Tex.Civ.App., 340 S.W.2d 503, 504, writ refused, it was stated in part as follows:

"(1, 2) Whether there is a duty on the owner of premises to take precautions against injury to an invitee from dangers of which the latter is aware, depends on whether the invitee 'voluntarily encounters' the dangerous condition 'of his own free will and as a result of intelligent choice.' In determining the owner's duty, the conduct of the invitee must be looked to. The owner's knowledge and appreciation is only the initial inquiry. If this is established, knowledge and appreciation by the invitee must be shown. There yet remains the issue as to whether the invitee voluntarily exposed himself to the danger known and appreciated by him. 'Even if voluntary exposure to risk be not pleaded as a

defense, the duty question would still be present,' but the qualification to the general rule of the owner's duty 'exists only when the invitee, confronted with * * * a condition of which he knows, containing dangers which he appreciates, *voluntarily* encounters them.' McKee v. Patterson, 153 Tex. 517, 271 S.W.2d 391, 394.

"(3, 4) We have a situation in which both parties knew and appreciated the dangerous condition, but in which there is a question of fact as to whether the invitee 'of his own free will and as a result of intelligent choice', voluntarily exposed himself thereto. This issue was omitted without request or objection. There was evidence to support a finding thereon favorable to appellee. Under Rule 279, Texas Rules of Civil Procedure, it is deemed as found in support of the judgment. Dee v. Parish, Tex.Sup.Ct., 327 S.W.2d 449, 452."

■ There was evidence of probative force in the record to support the findings of the jury to special issues 4, 5, and 6. The evidence was sufficient to support the findings of the jury to special issues 4, 5, and 6.

We have carefully reviewed and considered all the evidence adduced in this case in the light of the rules announced in the case of In re King's Estate, 150 Tex. 662, 244 S.W.2d 660, and hold that the jury's answers to special issues 4, 5 and 6 were not so contrary to the overwhelming weight and preponderance of the evidence as to be clearly wrong.

■ As hereinbefore stated, no issue was given to the jury inquiring as to whether the dangers of the door in question (if any) were so obvious and apparent that the 7 year old child, Rory Flynn, should have realized them. This issue was omitted without request or objection. There was evidence to support a finding thereon favorable to appellees and it was within the province of the trial court under such cir-

cumstances to reconcile the inconsistencies of the trial testimony and the deposition testimony of the child Rory Flynn, and it must be presumed that the trial court did reconcile such inconsistencies in favor of appellees, and under Rule 279, T.R.C.P., such omitted issue is deemed as found by the trial court in support of his judgment. Sinclair Refining Company v. Winder, supra, 340 S.W.2d 503.

Furthermore, even if it could be held as a matter of law that the dangers of the door were so obvious and apparent that the 7 year old child, Rory Flynn, should have realized them (which holding we think can not be supported under this record as we think that was a fact question), there would be a further question of fact as to whether the invitee Rory Flynn "of her own free will and as a result of intelligent choice" voluntarily exposed herself thereto. This issue was also omitted without request or objection. There was evidence to support a finding thereon favorable to appellees. Under Rule 279, T.R.C.P., it is deemed as found in support of the judgment. Sinclair Refining Company v. Winder, supra, 340 S.W.2d 503.

We hold that appellant was not entitled to a judgment as a matter of law under the "no duty" theory, nor under the doctrine of "volenti non fit injuria". Also appellant's contention that it was entitled to judgment as a matter of law under the theory of "assumed risk" is without merit.

 It was not necessary that appellant should have anticipated the exact nature of appellee Rory Flynn's injuries, or the precise manner of the infliction thereof. It is sufficient that appellant-defendant might reasonably have anticipated consequences or an injury of the general nature of that which ensued. Hopson v. Gulf Oil Corp., 150 Tex. 1, 237 S.W.2d 352. We think under this record that it was reasonably foreseeable on the part of appellant-defendant that Rory Flynn's injuries or some similar injury should have been reasonably foreseen by a person exercising

ordinary care in the light of the attending circumstances.

We also hold that under the evidence in this case the 7 year old child, Rory Flynn, was not guilty of contributory negligence as a matter of law.

All of appellant's points are overruled. The judgment of the trial court is affirmed.